IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 13, 2005

## MARVIN RAINER v. DAVID G. MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5914      Joseph H. Walker, III, Judge**

No. W2004-02676-CCA-R3-HC   -   Filed January 20, 2006

Petitioner, Marvin Rainer, appeals from the trial court's dismissal of his petition for writ of habeas corpus. In March 2001, Petitioner was convicted in Shelby County Criminal Court of one count of misdemeanor assault, two felony counts of forgery over five hundred dollars, one count of theft over a thousand dollars, and one count of forgery over a thousand dollars. Petitioner was sentenced to eleven months and twenty-nine days for the misdemeanor assault conviction, six years for each felony conviction of forgery over five hundred dollars, ten years for the felony conviction of theft over a thousand dollars, and ten years for the felony conviction of forgery over a thousand dollars. According to the judgment forms, the trial court ordered the felony sentences to be served concurrently for a ten year sentence, with the misdemeanor sentence to be served consecutively, for an effective sentence of ten years, eleven (11) months, and twenty-nine (29) days, with all sentences to be served in the Tennessee Department of Correction. On October 15, 2004, Petitioner filed a petition for writ of habeas corpus in Lauderdale County Circuit Court. Petitioner alleged that his convictions were void because, *inter alia*, he received an illegal sentence. The trial court summarily dismissed the petition without an evidentiary hearing, finding that the issues raised by Petitioner were not proper subjects for habeas corpus relief. We affirm the judgment of the trial court.

#### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Marvin Rainer, Henning, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

In this *pro se* appeal, Petitioner claims that he is entitled to habeas corpus relief because his conviction judgments are void due to jurisdictional defects. Specifically, Petitioner contends that he pled guilty to an illegal sentence which the trial court did not have jurisdiction to impose. Petitioner argues that his sentence was illegal because Tennessee law prohibits a defendant from serving a misdemeanor sentence in the Department of Correction where the sentence is not served concurrently with a felony offense. He argues that he agreed to enter guilty pleas to all charges in exchange for a concurrent sentence for all felony offenses and a consecutive sentence for his misdemeanor offense. As stated above, all of the agreed upon sentences were ordered to be served in the Department of Correction. Petitioner argues that the trial court erroneously ordered his consecutive misdemeanor sentence to be served in the Department of Correction rather than in a local jail or workhouse. Petitioner does not assert that he entered the guilty pleas only on the condition that the entirety of the sentence, including the sentence for the misdemeanor conviction, be served in the Department of Correction. Nor does he contest the consecutive sentence itself. Rather, he argues that the sentence received was in contravention of state sentencing guidelines and that he would not have voluntarily pled guilty to an illegal sentence.

Petitioner also argues that his pleas were not entered pursuant to his understanding of the plea agreement. He alleges that in order to avoid being adjudged a career criminal, he pled guilty to all charges except forgery over five hundred dollars in indictment number 99-04651, with that charge to be dismissed. He claims that although both trial counsel and the prosecutor assured him that this charge would be dismissed in exchange for the remaining guilty pleas, the judge sentenced him to six years for the offense, to be served concurrently with his other felony offenses. Petitioner argues that because his pleas were not entered according to his understanding of the plea agreement, the pleas were involuntarily entered and the sentences are illegal. He asserts that the error may have occurred because the trial court was sentencing several defendants simultaneously. He further asserts that his trial counsel was ineffective in failing to prevent the judgments from being entered.

Additionally, Petitioner argues that the conviction judgment for forgery over five hundred dollars in indictment number 99-04651 is prima facie void because the judgment form does not indicate whether Petitioner was convicted by jury trial or guilty plea or whether the charge was dismissed. Petitioner also argues that the misdemeanor assault judgment is void because it lacks pertinent information regarding his pre-trial jail credits. Petitioner requests that this case be remanded to the habeas court for grant of habeas corpus relief, and then transferred to the original convicting court. Petitioner argues that the convicting court must vacate the judgments, conduct a bond hearing, and appoint counsel. He further argues that he should be allowed to withdraw his guilty pleas.

## II. Standard of Review

The purpose of a writ of habeas corpus is to inquire into the legitimacy of the petitioner's imprisonment and restraint. *See* T.C.A. § 29-21-101. Whether a petitioner should be granted habeas corpus relief is a question of law. *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). As such, our review of the trial court's order denying the petition is *de novo* with no presumption of correctness given to the trial court's judgment. *Id.*

The grounds upon which a writ of habeas corpus is available are very narrow. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). The writ of habeas corpus reaches only void judgments, not voidable judgments. *Archer v. State*, 851 S.W.2d 157, 163-164 (Tenn. 1993). "A judgment is void 'only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.'" *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005) (quoting *State v. Richie*, 20 S.W.3d 624, 630 (Tenn. 2000)). "'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned." *Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979).

A void judgment is one whose imposition directly contravenes a statute. *McLaney*, 59 S.W.3d at 92-93. Such a void judgment is "subject to being set aside at any time, even if it has become final." *Id.* at 94 (*quoting State v. Mahler*, 735 S.W.2d 226, 227-28 (Tenn. 1987)). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. *Id.* at 93. The petitioner in a habeas corpus proceeding bears the burden of showing by a preponderance of the evidence that the judgment is void or that the prison term has expired, and the petitioner is entitled to such relief. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the petitioner fails to make this showing, the habeas court may summarily dismiss the petition without appointment of counsel or a hearing. T.C.A. § 29-21-109 (2000); *see e.g., Archer,* 851 S.W.2d at 164.

## III. Analysis

### A. Conviction for forgery over five hundred dollars

Petitioner asserts that the conviction judgment for forgery over five hundred dollars is prima facie void because it lacks the appropriate information regarding the manner of conviction. Although Petitioner offers no authority for his assertion, Tennessee Rule of Criminal Procedure 32(e) states in pertinent part, "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." *See* Tenn. R.Crim. P. 32(e). "The information which is required to be included in the judgment form is standard[,] and it is mandatory that each judgment form contain this information." *State v. Harry Mark Hurley,* No. 233, 1988 WL 81017, at *3 (Tenn. Crim. App., at Knoxville, Aug. 3, 1988), *perm. to appeal denied* (Tenn. Dec. 12, 1988) (affirming

the judgment of the trial court on the merits but not as to its form after noting the trial court's failure to indicate a finding of guilty on the judgment form). However, "[t]echnical violations related to the judgment forms and committal documents . . . [do] not render the petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." *Marvin Anthony Matthews v. Noles,* No. 02C01-9206-CC-00140, 1993 WL 46546, at \*2 (Tenn. Crim. App., at Jackson, Feb. 24, 1993) *perm. to appeal denied* (Tenn. June 1, 1993) (*citing* Tenn. R. Crim. P. 36).

It is our determination that the judgment forms, taken as a whole, sufficiently establish that the judgment for forgery over five hundred dollars is a valid conviction, and the form reflects a mere technical omission. Viewing all of the judgment forms together, each form, except the one in question, indicates that Petitioner pled guilty to the charges against him. Each of the forms indicating a guilty plea to the other charges also references the judgment at issue by declaring how the sentences are to be served in relation to one another. The judgment form also indicates that Petitioner is a "persistent" offender, and it sets forth the sentence Petitioner is to serve for his conviction on this charge, as well as the applicable pretrial jail credits. Additionally, the sentence Petitioner received for the conviction is a valid, legal sentence in accordance with Tennessee's sentencing statutes. T.C.A. § 40-35-112 to -504 (2003).

Based upon the record before us, we conclude that the judgment form for forgery over five hundred dollars reflects a valid conviction and resultant legal sentence. We find that the trial court's failure to check the blank on the judgment form indicating that Petitioner pled guilty is merely a technical omission rendering the judgment voidable, not void. As previously stated, the issue of a voidable judgment is not properly raised in a petition for habeas corpus. *See Archer*, 851 S.W.2d at 163. Petitioner is not entitled to habeas corpus relief on this issue.

Petitioner also argues that pursuant to the plea agreement, the charge of forgery over five hundred dollars should have been dismissed, and that he unknowingly and involuntarily pled guilty to this charge. However, there is nothing in the record to support this argument because Petitioner failed to submit the negotiated plea documents or the transcript of the guilty plea. It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal. Tenn. R. App P. 24(b); *see also Thompson v. State,* 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). The failure to do so results in a waiver of the issues. *Id.* Moreover, we note that claims of an involuntary or unknowing guilty plea render a conviction voidable, not void, and are properly addressed in the post-conviction forum, not in a petition for habeas corpus. *See Cox v. State,* 53 S.W.3d 287, 291-293 (Tenn. Crim. App. 2001); *See also Smith v. Lindamood,* No. M2003-01872-CCA-R3-HC, 2004 WL 1533827 (Tenn. Crim. App., at Nashville, July 7, 2004), *perm. to appeal denied* (Tenn. Nov. 15, 2004) (holding that inmate's claim that her plea bargain agreement was not honored in the judgment entered or sentence imposed presented at most a claim of merely a voidable, not void, judgment, and thus was not proper for habeas corpus relief). We therefore conclude that the trial court properly found that Petitioner was not entitled to habeas corpus relief on this issue.

**B. Illegal Sentence**

Petitioner next argues that his misdemeanor conviction is void and that he should be allowed to withdraw his guilty plea because the sentence imposed is illegal pursuant to Tennessee's Sentencing Act. According to the judgment form, Petitioner was sentenced to serve eleven (11) months and (29) days in the Department of Correction for a conviction of misdemeanor assault. Pursuant to Tennessee Code Annotated section 39-13-101(b)(1) (2003), "[a]ssault is a class A misdemeanor." Generally, class A misdemeanor offenses are punishable by imprisonment for a period of time "not greater than eleven (11) months twenty-nine (29) days." T.C.A. § 40-35-111(e)(1) (1989). The actual term of imprisonment imposed by the trial court is in accordance with this statutory guideline and therefore is not illegal. Petitioner argues, however, that the sentence is illegal because the place of confinement reflected in the judgment form contravenes Tennessee's Sentencing Act. The Act provides that where incarceration is directed for a period of less than one year, that period of confinement is to be served in a local jail or workhouse. *See* T.C.A. § 40-35-314, Sentencing Commission Comments (1991). Because Petitioner's misdemeanor sentence was not ordered to be served concurrently with another felony sentence, it cannot be served in the Department of Correction as reflected in the judgment form.

Petitioner does not dispute the term of imprisonment, nor does he claim that he entered the plea bargain only on the condition that the misdemeanor conviction be served in the Department of Correction. Petitioner argues only that the place of confinement renders the sentence illegal, and that he would not have knowingly pled guilty to an illegal sentence. In support of his argument, Petitioner relies on the Tennessee Supreme Court decision, *McLaney v. Bell*, 59 S.W.3d 90 (2001). In that case, the petitioner's habeas corpus petition asserted that the petitioner's guilty plea was entered in exchange for an illegal sentence. *See id*. at 93-94. The petition alleged that the defendant had been charged with rape and was released on bail when he was charged with committing a subsequent rape and third degree burglary. *Id*. The petitioner asserted that the concurrent sentence imposed for his convictions was in direct contravention with state law. The trial court summarily dismissed the petition without appointment of counsel. *Id*. The supreme court remanded the case to the habeas court for appointment of counsel and further factual findings, holding that if the petitioner's allegations about being on bail when he committed the two additional offenses were true, then the judgments were void because the illegality of the sentence was evident on the face of the judgments. *Id*.

We find the present case distinguishable from *McLaney* because there is no dispute regarding the actual length of the sentence imposed for the conviction. While it is true that the misdemeanor judgment form indicates an improper place of confinement, it is our determination that the form simply reflects clerical errors. Therefore, the proper remedy is not to void the judgment but to amend the judgment to comply with the sentencing guidelines. This Court has previously held that an illegal sentence may serve as a basis for habeas relief only if the illegality of the sentence is "egregious to the point of voidness." *Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004). Accordingly, "mere clerical errors in the terms of a sentence may not give rise to a void judgment." *See id*. Pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, "[c]lerical

mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time." Tenn. R. Crim. P. 36. In determining whether there has been a clerical error, this Court has held:

> [T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

*State v. Jack Lee Thomas, Jr.,* C.C.A. No. 03C01-9504-CR-00109, 1995 WL 676396, *1 (Tenn. Crim. App,. at Knoxville, Nov. 15, 1995) (no Tenn. R. App. P. 11 application filed); *see also Donald W. Rhea, Jr. v. State,* No. M2003-01034-CCA-R3-CO, 2004 WL 343969 (Tenn. Crim. App., at Nashville, Feb. 24, 2004) (no Tenn. R. App. P. 11 application filed).

After reviewing the record and the available documents, we conclude that the misdemeanor judgment form contains an incorrect marking resulting from clerical error. Although the record is sparse, the misdemeanor judgment form contains all necessary information and properly references the other convicting documents. The form is only deficient in that the box indicating the place of confinement is checked for the Department of Correction rather than a local jail or workhouse. We find that this clerical error is not sufficient to render the judgment void. Petitioner is not entitled to relief on this issue.

## C. Pre-trial Jail Credits

Finally, Petitioner argues that his conviction for misdemeanor assault is prima facie void because it lacks any information regarding his pre-trial jail credits. "When an accused is taken into custody by the state, Tennessee is required to credit the sentence with the time served in the jail pending arraignment and trial as well as the time subsequent to any conviction arising out of the original offense for which he was tried." *State v. Henry,* 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997). In the present case, the judgment forms reflect that pre-trial jail credits have been applied to all of Petitioner's felony sentences, all of which were ordered to be served concurrently. The sentence for misdemeanor assault was ordered to be served consecutively to these felony convictions. An inmate may not "double-dip" for credits from a period of continuous confinement. *Christopher Johnson v. Tenn. Dept. of Correction,* No. 95-2065-II, 1996 WL 442740 (Tenn. Ct. App., Aug. 7, 1996); *see also Christopher A. Johnson v. State,* No. E2002-01208-CCA-R3-PC, 2003 WL 21145504 (Tenn. Crim. App. at Knoxville, May 16, 2003), *perm. to appeal denied,* (Tenn. Oct. 6, 2003). A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence. *See Christopher A. Johnson v. State,* No. E2002-01208-CCA-R3-PC, 2003 WL 21145504, at *2. Petitioner's pre-trial jail credits were correctly applied to his first sentence of ten years for the felony convictions, and properly omitted

from his consecutive sentence for misdemeanor assault.  Accordingly, Petitioner's judgment is not void on its face, and he is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of habeas corpus relief.

_____
THOMAS T. WOODALL, JUDGE