IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 24, 2006

## BARRY SOTHERLAND v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 16098   J. B. Cox, Judge**

---

**No. M2005-00565-CCA-R3-HC - Filed February 17, 2006**

---

The petitioner filed a writ of habeas corpus in Marshall County, the county in which he was convicted. He is incarcerated in Wayne County. The trial court dismissed his petition for writ of habeas corpus because it was not filed in the county in which he is located and because the petition did not state sufficient grounds. We affirm the decision of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

Barry Sotherland, Pro Se, Clifton, Tennessee.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Mike McCowen, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Marshall County jury convicted the petitioner of aggravated rape and aggravated kidnapping for an incident that occurred on June 2, 1986. The trial court sentenced him to concurrent life sentences as a Range II, especially aggravated offender. On appeal to this Court, the petitioner argued that there was insufficient evidence to support his conviction and that the trial court erred in refusing to grant a new trial because the State failed to provide exculpatory evidence and there was additional or new evidence. State v. Barry Sotherland, No. 87-293-III, 1988 WL 60383

(Tenn. Crim. App., at Nashville, June 14, 1988), perm. app. denied, (Tenn. Aug. 29, 1988).  We found these issues to be without merit and affirmed the judgments of the trial court.  Id.

On April 29, 2004, the petitioner filed a pro se petition for writ of habeas corpus in Marshall County.  The habeas court in Marshall County, summarily dismissed the petitioner's writ because "it is not filed in the court closest to the location in which the defendant is housed" and also because the "Writ of Habeas Corpus doesn't state sufficient grounds for this court to entertain said motion," by written order on May 19, 2004.  The petitioner then filed a motion on June 8, 2004, to reconsider or in the alternative a notice of appeal which was denied on February 2, 2005.  Subsequently, he filed a "Motion for Court to Take Judicial Notice of Adjudication Facts and Law" on February 11, 2005, which was denied by order on February 16, 2005.  The petitioner filed a notice of appeal on February 28, 2005.

## ANALYSIS

The determination of whether to grant habeas corpus relief is a question of law.  See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).  As such, we will review the trial court's findings de novo without a presumption of correctness.  Id.  Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal."  Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable.  See Taylor, 995 S.W.2d at 83.  "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal."  Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964).  Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void.  Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 16, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21.

We first point out that the petitioner is in custody in Wayne County. He filed his petition for writ of habeas corpus in Marshall County, the county in which he was convicted. Tennessee Code Annotated section 29-21-105 requires that a habeas corpus petition be filed where the petitioner is located unless sufficient reason for filing elsewhere is stated. The petitioner argues that a sufficient reason is, "the convicting court can correct an illegal sentence at any time and is in possession of the records pertaining to the sentence." However, this Court has repeatedly held that this is not a sufficient reason for filing in a court other than one where the petitioner is located. See e.g. Larry L. Halliburton v. State, W2001-00755-CCA-R3-CO, 2002 WL 1558611 (Tenn. Crim. App., at Jackson, Jan. 30, 2002), perm. app. denied, (Tenn. Jul. 1, 2002); Jimmy Wayne Wilson v. State, No.

-3-

03C01-9806-CR-00206, 1999 WL 420495 (Tenn. Crim. App., at Knoxville, June 24, 1999), perm. app. denied (Tenn. Nov. 22, 1999); Charles Bryant v. State, No. 03C01-9803-CR-00115, 1999 WL 274849 (Tenn. Crim. App., at Knoxville, May 4, 1999).

The petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. See Clifford W. Rogers v. State, No. W2002-02268-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 326 (Tenn. Crim. App., at Jackson, March 25, 2003).

Even though there is sufficient support for the summary dismissal of the petitioner's writ of habeas corpus, we would also like to address certain points on the merits. The petitioner argues on appeal, that his sentence is illegal because he was sentenced to concurrent life sentences for two convictions stemming from an incident that occurred while he was out on parole. The State argues that this is not an issue of a void judgment, but rather a clerical error in the trial court.

Under Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure, if "a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: (A) To a sentence for a felony committed while on parole for a felony . . . ." Under this rule, it is clear that the petitioner indeed should have been sentenced to consecutive sentences. The petitioner relies upon McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), to support his argument.

We recently faced a similar issue in Thomas Braden v. Bell, No. M2004-01381-CCA-R3-HC, 2005 WL 2008200 (Tenn. Crim. App., at Nashville, Aug. 19, 2005) (no application filed). In Thomas Braden, the petitioner filed a habeas corpus petition arguing that his sentence was illegal and, therefore, void. The basis of his argument was that the judgment reflected a thirty percent release eligibility as opposed to the one hundred percent release eligibility required because he was convicted for rape. Thomas Braden, 2004 WL 2008200, at *1. The petitioner in that case argued that his conviction was facially void because it was in contravention to the statute in place at the time. Id. at *3. We held that the petitioner was not entitled to habeas corpus relief, even though his sentence was not proper under the statute. Id. We pointed to the fact that the cases to which the petitioner cited where habeas corpus relief was granted, including McLaney v Bell, were also cases where the petitioners had pled guilty. In Thomas Braden, the petitioner had been convicted by a jury. We went on to state:

> [T]he present petitioner was convicted by a jury and sentenced by the trial court. Therefore, the trial court's failure to properly mark the judgment did not deprive the petitioner of any expectation as to release eligibility, because none ever existed. Moreover, the trial court's error did not change the fact that the petitioner was statutorily required to serve one hundred percent of sentence due to his classification

as a multiple rapist. As the habeas court correctly noted, the calculation of the petitioner's sentence was "an operation of law" and left no room for discretion. We find this sharply distinguished form a case in which the petitioner is extended a plea agreement containing an illegal sentencing provision and accepted the negotiated sentence to his detriment.

Id. at *4. We concluded that the petitioner was not entitled to habeas corpus relief because "[w]hile the sentences are, on their face, illegal, we conclude that the illegality is not so egregious as to void the sentences." Id. at *5. We based this conclusion on Coleman v. Morgan, 159 S.W.3d 887 (Tenn. Crim. App. 2004), in which we stated that "mere clerical errors in terms of a sentence may not give rise to a void judgment." Coleman, 159 S.W.3d at 890. Furthermore, we noted in Thomas Braden, a trial court can amend a judgment at any time. 2004 WL 2008200, at *4.

In the present case, the petitioner did not plead guilty, but was convicted by a jury. The petitioner is complaining of being sentenced to two concurrent life sentences, instead of being sentenced to two consecutive life sentences. As in Thomas Braden, the trial court's error did not change the fact that the petitioner is legally required to serve two consecutive life sentences because he committed a felony while on parole for a felony. As in Thomas Braden, appellant's appropriate remedy for this deprivation is for the trial court to amend the judgment to reflect that the petitioner must serve his two life sentences consecutively.

## CONCLUSION

For the foregoing reasons, we affirm the habeas court's dismissal of the petitioner's writ of habeas corpus.

_____
JERRY L. SMITH, JUDGE