IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 14, 2004

## DON ALLEN COLEMAN v. JACK MORGAN, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 02-5044C-II     R. E. Lee Davies, Judge**

_____

**No. M2002-02237-CCA-R3-CO - Filed August 6, 2004**

_____

Don Allen Coleman petitioned the Hickman County Circuit Court for *habeas corpus* relief, contending that the two rape of a child judgments against him impose illegal sentences. We agree that the sentences are illegal and we vacate them, thereby reviving the two indictments and pleas for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Don Allen Coleman, Appellant, *Pro Se.*

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Ronald L. Davis, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner was convicted in the Knox County Criminal Court on guilty pleas of two counts of rape of a child. He received concurrent sentences of 17 years for both offenses. He was classified as a "child rapist," meaning he would be required to serve 100 percent of his sentence and would not be able to receive credits to reduce the length of his incarceration. *See* Tenn. Code Ann. § 40-35-523 (2003). However, the "Special Conditions" portion of each judgment specifies, "Pursuant to T.C.A. 40-35-501(i) the defendant is advised concerning the release eligibility percentage of the offense convicted shall be 100% of the sentence imposed less sentence credits earned; however, no sentence reduction credits authorized shall exceed 15%."[1] In this *habeas corpus* action, the petitioner claims that the sentences imposed on him are void and illegal because the special conditions specify that he is eligible to receive a sentence reduction of as much as 15 percent

_____

[1] The "Special Conditions" sections of the judgment forms also provide for the merger of additional convictions into the surviving conviction counts.

for sentence reduction credits when the statute provides to the contrary. He seeks to have the judgments against him vacated. The lower court considered the petition and dismissed it on the basis that the judgments were at most voidable, not void.

The petitioner argues that the sentences imposed upon him are in contravention of statutory authority. Code section 40-35-501(i) provides

(1)     There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

(2)     The offenses to which the provisions of subdivision (i)(1) apply are:

(A)     Murder in the first degree;

(B)     Murder in the second degree;

(C)     Especially aggravated kidnapping;

(D)     Aggravated kidnapping;

(E)     Especially aggravated robbery;

(F)     Aggravated rape;

(G)     Rape;

(H)     Aggravated sexual battery;

(I)     Rape of a child;

(J)     Aggravated arson; or

(K)     Aggravated child abuse.

(3)     Nothing in this subsection (i) shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

Tenn. Code Ann. § 40-35-501(i) (2003). As referenced in subsection (i)(3), section 39-13-523 does, indeed, provide that defendants convicted of rape of a child are ineligible to receive the benefit of sentence reduction credits and must serve their entire sentences undiminished by any such credits. *See id*. § 39-13-523(b) (2003). The effective dates of section 39-13-523 is July 1, 1992. *See* 1992 Tenn. Pub. Acts, ch. 878, § 1.

The judgment in case 65409 reflects that the offense occurred in the time period of December 1996 through February 1997, and the judgment in case 65410 reflects that the offense occurred in the time period of April 1992 through April 1996. In case 65409, the entire time period covered is after the effective dates of Code sections 39-13-523 and 40-35-501. The time period in case number 65410 straddles the effective date of both statutes.

The legal issues raised in a *habeas corpus* proceeding are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo.*"); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*).

We begin with a review of *habeas corpus* law as it presently exists in Tennessee. *Habeas corpus* relief is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner in the present case makes no allegation that his sentence has expired; he only claims that his sentence, and hence his conviction judgment, is void.

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding). For an illegal sentence claim to support a claim for *habeas corpus* relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Thus, mere clerical errors in the terms of a sentence may not give rise to a void judgment. *See, e.g., Ronald W. Rice v. David Mills*, No. E2003-00328-CCA-R3-PC, slip op. at 3-4 (Tenn. Crim. App., Knoxville, Aug. 19, 2003) (trial court erred in designating on the judgment form that the petitioner was sentenced under the 1982 sentencing law, when the 1989 law applied to

Rice's case; the 1989 law was *actually* applied in Rice's case, and the resulting sentence was "not void and the petitioner [was] not entitled to [*habeas corpus*] relief"), *perm. app. denied* (Tenn. 2004).

Relative to the egregiousness of the sentencing defect, our supreme court in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), said that an "illegal" sentence equates to a "jurisdictional defect." *Id.* at 92. We point out, however, that in *McConnell v. State*, 12 S.W.3d 795, 798 (Tenn. 2000), the supreme court said that issues of "offender classification and release eligibility [are] non-jurisdictional." *See Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) ("a plea bargained Range II sentence is valid when coupled with Range I release eligibility"); *Bland v. Dukes*, 97 S.W.3d 133, 135 (Tenn. Crim. App. 2002), *perm. app. denied* (Tenn. 2002) (aggravated robbery sentence upheld, despite sentence length falling in range above petitioner's range classification); *State v. Terry,* 755 S.W.2d 854, 855 (Tenn. Crim. App. 1988) (applying 1982 sentencing law and upholding plea-bargained kidnapping sentence, the terms of which fit within the broad range of punishment for the offense class). Nevertheless, "[t]he 1989 Act establishes the outer limits within which [a sentence may be fashioned], and the courts are bound to respect those limits." *McConnell*, 12 S.W.3d at 799; *see, e.g., William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5-6 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (100 percent release eligibility is beyond the outer limits of release eligibility percentage for even career offenders, and sentence is subject to *habeas corpus* attack); *see also Stephenson*, 28 S.W.3d at 911-12 (first-degree murder sentence expressed as life sentence without possibility of parole subject to *habeas corpus* relief when, at the time of the offense, a life sentence without the possibility of parole was not possible).[2]

The *McLaney* court stressed that when "the face of the judgment or the record of the underlying proceedings shows that the . . . sentence is illegal, such sentence creates a void judgment for which *habeas corpus* relief is available." *McLaney*, 59 S.W.3d at 91. Thus, an illegal, jurisdictionally defective sentence is one that is in direct contravention of the sentencing act. *See id.* at 94. Such a sentence is void when the defect appears on the face of the judgment or record of the underlying proceeding. As such, it is justiciable in a *habeas corpus* proceeding. When such a void sentence is based upon a guilty plea, the *habeas corpus* court declares void and vacates the judgment but defers to the conviction court to address the petitioner's guilty plea that is left pending

---

[2]Regarding sentence length, it remains unclear at present whether the "outer limits" of a trial court's sentencing leeway begins at the maximum sentence in the designated Range or at the maximum sentence (in the highest Range) for the applicable offense Class. *William Boyd* interpreted *Mahler* and *Hicks* to mark the outer limits at the maximum sentence for the applicable offense Class and struggled to reconcile these cases with *McConnell's* statement that, although offender classification and release eligibility are non-jurisdictional, sentence length *is* jurisdictional. *William Boyd*, slip op. at 4; *See McConnell*, 12 S.W.3d at 798; *see Mahler*, 735 S.W.2d 226, 228 (Tenn. 1987) (approving sentence anomaly when sentence "was clearly within statutory limits fixed *for the offense*") (emphasis added). Although the author of the present opinion expressed the view in *William Boyd* that *McConnell* did not depart from *Mahler*, further parsing of *McConnell's* sentence-length-is-jurisdictional language suggests that *McConnell* marks the outer limits at the maximum in the *designated Range*. *See McConnell*,12 S.W.3d at 798 (characterizing *Mahler* as approving a sentence that "was within the statutory limits fixed for a Range II *offender*") (emphasis added). That said, we note that this court followed *William Boyd* in *Bland*, a case in which an extra-Range sentence was approved. *See Bland*, 97 S.W.3d at 135-36. The supreme court denied permission to appeal in *Bland*. *See id.* at 133 (permission to appeal denied December 9, 2002).

in the wake of the vacated judgment. *Id.* Then, upon remand to the conviction court, "either the plea may be withdrawn or the conviction remains intact." *Id.* at 94-95.

Our initial inquiry is to determine whether the judgments' erroneous notation in the special conditions section is merely clerical error. This court has taken notice of the appellate record of the petitioner's prior post-conviction action. *See Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987) (appellate court may take judicial notice of its records in prior proceedings); *State v. Don Allen Coleman*, No. E1999-02093-CCA-R3-PC (Tenn. Crim. App., Knoxville, May 19, 2000) (petitioner's post-conviction proceeding), *perm. app. denied*, (Tenn. 2000). In particular, we have noticed the transcript of the petitioner's guilty plea hearing, at which the parties acknowledged their expectations that the petitioner would receive the benefit of the fifteen percent sentence reduction credit provisions of the Code. Thus, it is apparent from the record that the judgments accurately reflect the sentences that were actually imposed by the sentencing court, rather than that the judgments contain mere clerical errors. *See* Tenn. R. Crim. P. 36 (allowing for correction of clerical errors in erroneous judgments); *State v. Hershell W. Estes, Jr.*, No. E2000-01869-CCA-R3-CD, slip op. at 11-12 (Tenn. Crim. App., Knoxville, Feb. 4, 2002) (correction of judgment form erroneously allowing sentence reduction credits where rape of a child sentence was judicially imposed following jury trial, as opposed to guilty plea in which potential for sentence reduction credits was part of parties' mutual understanding relative to plea agreement), *perm. app. denied* (Tenn. 2002).

Based upon the precepts of *McLaney*, we hold that the *ultra vires* provisions for sentence reduction credits in the promulgated child rape convictions void the judgments.

Although the writ of *habeas corpus* generally may not be used to address an anomalous expression of release eligibility that is within the broad statutory ambit afforded the sentencing court, this court has declared illegal and void judgments in which release-eligibility provisions fell beyond the outer limits of statutory authority. In *William Boyd*, this court held that an expression of a 100-percent release eligibility for especially aggravated sexual exploitation of a minor was unavailable to the sentencing court. *William Boyd*, slip op. at 5-6. Because the 100-percent provision of Code section 40-35-501(i) did not apply to Boyd's conviction offense, the sentencing court was not empowered to impose a release-eligibility percentage higher than 60 percent. *Id.*[3] In *Mark L. Grimes v. Fred Rainey*, No. W2002-01683-CCA-R3-CO (Tenn. Crim. App., Jackson, Aug. 5, 2003), this court reversed the summary denial of *habeas corpus* relief upon finding that Grimes's 30-percent release eligibility for multiple rapes was "in direct contravention with Tennessee Code Annotated section 39-13-523, which mandates service of such sentences at 100 [percent]." *Mark L. Grimes*, slip op. at 4; *see also Mitchell Tarver v. State*, No. W2002-01662-CCA-R3-CO (Tenn. Crim. App., Jackson, Oct. 21, 2003) (holding similarly to *Mark L. Grimes*). In *Lloyd Paul Hill v. State*, No. M2000-01428-CCA-R3-PC (Tenn. Crim. App., Nashville, Aug. 30, 2001), this court in a post-conviction appeal *sua sponte* ordered relief from child rape sentences

---

[3]In a given offense Class, a release eligibility of sixty percent, applicable to a Range III offender, is the maximum percentage for "charted" offenses. *See* Tenn. Code Ann. § 40-35-501(f) (2003); *see id.* § 40-35-101 (2003), Sent'g Comm'n Comments (containing a graphic representation of the sentencing chart).

adjudged to be illegal because the provisions for a 30-percent release eligibility were "in contravention of [Code section 39-13-523]." *Lloyd Paul Hill*, slip op. at 6-7.

The release-eligibility terms in the present case place it in the same posture. As we have explained, the applicable sanctions for child rape are altered by the cutting-across provisions of Code section 39-13-523, requiring 100 percent of service of the sentence.

We hold that both judgments are void, despite that the time period covered by the conviction in case 65410 straddles the respective effective dates of Code section 39-13-523 and 40-35-5-1. We are also aware that the crime of rape of a child was previously denominated as aggravated rape. The rape of a child statute, which became effective July 1, 1992, *see generally* Tenn. Code Ann. § 39-13-522 (2003), was previously denominated as aggravated rape, *see State v. John James*, No. 01C01-9601-CR-00016, slip op. at 8-9 (Tenn. Crim. App., Nashville, Mar. 27, 1997) (examining history of rape of a child and aggravated rape statutes), *perm. app. denied* (Tenn. 1999). Thus, prior to July 1, 1992, the unlawful sexual penetration of or by a victim under the age of 13 was proscribed by the aggravated rape statute. *See generally* Tenn. Code Ann. § 39-13-502 (2003), Sent'g Comm'n Comments; *John James*, slip op. at 8. This court has previously held that the two crimes themselves are indistinguishable; the only difference relates to the punishment that may be imposed. A defendant may receive the benefit of sentence reduction credits of up to 15 percent to reduce the incarcerative time for a sentence for aggravated rape, whereas he may not receive the benefit of such credits toward reduction of a rape of a child sentence. *See State v. Gibson*, 973 S.W.2d 231, 240 (Tenn. Crim. App. 1997); *John James*, slip op. at 8-9.

Although in case number 65410 the commentary relative to release eligibility befits a conviction of aggravated rape, the judgment actually and expressly promulgates a conviction of child rape. It refers to Code section 39-13-522, the child rape proscriptive statute, as the basis for the conviction. The petitioner, therefore, pleaded guilty to child rape as proscribed in 1992 by Code section 39-13-522. We believe that, in so doing, he has pleaded guilty to acts of child rape that occurred after July 1, 1992. *See* Tenn. R. Crim. P. 11(f) (requiring court to which guilty plea is submitted to assure that there exists "a factual basis for the plea"). Thus, we conclude that the anomalous language in 65410's judgment voids that judgment in the same manner as does the language in 65409.

Thus, the petitioner has demonstrated a basis for issuance of the writ of *habeas corpus*. The Hickman County Circuit Court's denial of *habeas corpus* relief is reversed. We grant *habeas corpus* relief in the form of vacating Knox County Criminal Court judgments 65409 and 65410. The indictments and pleas remain pending, and the Knox County Criminal Court shall proceed in accordance with this court's opinion and Tennessee Rule of Criminal Procedure 11.

_____
JAMES CURWOOD WITT, JR., JUDGE