# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DICKEY L. COTTON v. DAVID MILLS, WARDEN

**Circuit Court for Lauderdale County**
**No. 5904**

---

**No. W2004-02523-CCA-R3-HC  - Filed September 19, 2005**

---

### OPINION DISSENTING IN PART

DAVID H. WELLES, J., dissenting in part.

I agree that if the allegations and assertions contained in the petition are correct, the Defendant's sentences appear to be in direct contravention to Tennessee's sentencing act and are therefore illegal and void. However, because the Defendant's habeas corpus petition was summarily dismissed without a hearing, I would remand the case to the habeas court for a determination of whether the sentences are indeed void.

Because the Defendant's habeas corpus petition was summarily dismissed by the lower court, the record before us on appeal is, as the majority surmised, "sparse." It is unquestioned that Tennessee's sentencing act requires multiple rape offenders to serve 100% of their sentence with no reduction credits. See Tenn. Code Ann. § 39-13-523. The Defendant in this case asserts that he entered into a plea agreement--which was accepted by the trial court--in which he was to serve two concurrent eight-year sentences as a Range I, standard offender with a 30% release eligibility date for his two rape convictions. If these factual assertions are true, the Defendant would be entitled to the habeas corpus relief for which he has petitioned.

Because the habeas court in this case summarily dismissed the Defendant's petition before the State had the opportunity to respond and without any hearing, the factual assertions contained in the Defendant's  habeas petition have never been properly addressed. While I agree with the majority that the lower court's summary dismissal of the Defendant's petition for habeas relief was error, I believe that it is likewise error for this Court to summarily grant habeas relief without a judicial determination of the accuracy of the Defendant's assertions. We have previously noted that "[i]n this state's adversarial system of justice, both the district attorney general and defense counsel are advocates." State v. Griffis, 964 S.W.2d 577, 598 (Tenn. Crim. App. 1997). Both the Defendant and the State should be given the opportunity to address the factual assertions made in a habeas corpus petition. In my view, before a court grants an inmate habeas corpus relief, the State should have the opportunity to be heard on the petition.

While the Defendant may indeed be entitled to habeas relief as a matter of law if the factual assertions made in his petition are true, this Court is not in a position to make the initial factual determinations necessary to conclude that relief must be granted. Our supreme court has stated that "appellate courts are not fact finders." State v. Flake, 114 S.W.3d 487, 506 (Tenn. 2003). While it appears that the Defendant's negotiated plea agreement indicates he agreed to be sentenced as a Range I offender, an illegal sentence for a multiple rape offender, the judgment of conviction forms in the record on appeal appear to be blank as to offender status. Quite simply, the record before us is so sparse that we are unable to properly conclude whether the judgment of conviction contains "mere clerical errors" or does indeed impose an illegal sentence. See Coleman v. Morgan, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004) (holding that "mere clerical errors in the terms of a sentence may not give rise to a void judgment."). Because we are a court of review, our role extends no further than reversing the order summarily dismissing the petition. I believe we should remand this case back to the habeas court to make appropriate findings of fact and conclusions of law regarding the merits of the petition.

In most of the case precedent applicable to this issue, including cases heavily relied on by the majority, this Court has remanded the cause back to the habeas court for a hearing. See McLaney v. Bell, 59 S.W.3d 90, 91 (Tenn. 2001) ("we . . . remand the cause to the trial court for appointment of counsel and a determination whether the face of the judgment or the record of the proceedings [support the defendant's habeas claims.]"); Mark L. Grimes v. Fred Rainey, No. W2002-01583-CCA-R3-CO, 2003 WL 21878530, at *1, 3 (Tenn. Crim. App., Jackson, Aug. 5, 2003) ("the circuit court erred in summarily dismissing the habeas corpus petition without the appointment of counsel and a hearing. We therefore reverse the judgment of the circuit court and remand for proceedings consistent with this opinion," and further holding that "[s]hould the [habeas court] Judge determine that the petitioner's sentences are illegal and void, the habeas court should declare the sentences void and transfer the matter to the [convicting court] for further proceedings."); Mitchell Tarver v. State, No. W2002-01662-CCA-R3-CO, 2003 WL 22446774, at *1 (Tenn. Crim. App., Jackson, Oct. 21, 2003) (holding that "[w]hile consideration of the underlying record of convictions is appropriate, we believe it must be done in the context of an evidentiary hearing wherein the habeas petitioner has the opportunity to explain any discrepancy in the underlying record and the allegations in the habeas petition which if true would render the sentence void. Therefore, we remand this case to the [habeas court] for . . . an evidentiary hearing wherein the petitioner shall be given an opportunity to prove his allegations and such other relief as may be appropriate."); Charles G. Summers v. State, No. M2004-02806-CCA-R3-HC, 2005 WL 1950298, at *2 (Tenn. Crim. App., Nashville, Aug. 12, 2005) ("As the supreme court held in McLaney, we believe the appellant should be afforded the benefit of counsel and an opportunity to prove the allegations to the habeas corpus court. Therefore, this case is remanded to the habeas corpus court . . ."). But see Dewayne Cathey v. State, No. W2003-00411-CCA-R3-CO, 2004 WL 1686869, at *1 (Tenn. Crim. App., Jackson, July 28, 2004) ("The lower court summarily dismissed the [habeas] petition. Upon our review of the record, we reverse and vacate the trial court's order. Furthermore, we order the lower court to grant habeas corpus relief").

In summary, the habeas corpus court made no factual findings. This court does not make factual findings. There are no facts upon which to base conclusions of law. In view of the record

before us and based on the foregoing reasoning and authorities, I would remand the case to the habeas court for a hearing. Only if the habeas court determines that the allegations in the Defendant's petition are accurate should the habeas court declare the sentences void and transfer the matter to the convicting court for further proceedings.

_____

DAVID H. WELLES, JUDGE