# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CHARLES DAMIEN DARDEN v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8670   Lee Moore, Judge**

---

**No. W2005-00982-CCA-R3-HC  - Filed November 30, 2005**

---

The Petitioner, Charles Damien Darden, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed Pursuant to Rule 20,**
**Rules of the Court of Criminal Appeals**

ALAN E. GLENN , J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ., joined.

Charles Damien Darden, Pro Se.

Paul G. Summers, Attorney General & Reporter; and Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Charles Damien Darden, was convicted in the Robertson County Circuit Court of felony murder, attempted aggravated kidnapping and civil rights intimidation.  A life sentence was imposed for the first degree murder conviction and was ordered to be served consecutively to a three-year sentence for civil rights intimidation and a four-year sentence for attempted aggravated kidnapping, which were to be served concurrently.  *See  State v. Darden,* 12 S.W.3d 455, 457 (Tenn. 2000).  He is currently confined at Northwest Correctional Facility where he is serving these sentences.

1

On December 30, 2004, Petitioner filed a petition for habeas corpus relief in the Lake County Circuit Court. As grounds for relief, the Petitioner alleged that the judgments of conviction are void due to a defective indictment. Petitioner related that this claim for habeas corpus relief was previously brought in the Robertson County Circuit Court. As to this claim, Petitioner asserted that the juvenile court transfer failed to allege any ground other than that of premeditated first degree murder. Accordingly, he argued that the trial court lacked both "subject matter" and "personal jurisdiction of the case and Petitioner," because the juvenile court failed to transfer the Petitioner on the delinquent acts of felony murder, attempted aggravated kidnapping, and civil rights intimidation. Additionally, Petitioner asserts he was denied due process in the juvenile court as to the offenses upon which he was ultimately convicted. Next, Petitioner also argued that the judgment was facially invalid because the trial court imposed a sentence contrary to the 1989 Sentencing Act. Specifically, Petitioner complained that the Range I sentence imposed by the trial court is in direct contravention of the 1989 Sentencing Act. Third, the Petitioner complained that the indictments against him are deficient as the Circuit Court of Robertson County does not share concurrent jurisdiction with the Robertson County Juvenile Court.

In an order entered February 7, 2005, the trial court found that there is "no defect in the indictment that would render the judgments in this case void." The court further found that the "transfer order filed by Juvenile Judge Burton D. Glover . . . appears proper.' The trial court additionally concluded that "[t]he judgments also appear proper except for the fact that it is noted that the petitioner is sentenced as a Standard Range I offender for the offense of felony murder, first degree." In this regard, the court noted that "[t]he judgment form shows that petitioner is sentenced to life imprisonment. The block for 'standard 30% Range I' is, however, marked. The petitioner states no specific factual allegation that would render this judgment void." The trial court further remarked that "[w]ith the exception possibly of the allegations dealing with the judgment of first degree murder, all other allegations are not the proper subject for habeas corpus relief. All such other allegations should have already been litigated in Robertson County Circuit Court on appeal." With regard to the judgment form for first degree murder, the trial court stated, "This Court has no idea whether or not the judgment form for first degree felony murder was ever amended." Accordingly, the trial court appointed counsel and scheduled a hearing for February 22, 2005, during which a determination would be made as to whether the judgment form is correct or needs amending.

On February 22, 2005, the Petitioner filed, *pro* se, a "motion for request of judicial notice of facts and law." The State filed a "Motion to Dismiss" on March 21, 2005, asserting that the issues raised have already been adjudicated. In a footnote to the motion, the State referred to the fact that a hearing was held on February 22, 2005, but that the Petitioner had failed to provide any documentation as to the outcome of that proceeding. On April 8, 2005, the trial court denied habeas corpus relief, finding that the State's motion to dismiss was well-taken. A timely notice of appeal document was filed.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears

upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

In his petition submitted to the trial court, the Petitioner asserted three grounds for habeas corpus relief. On appeal, he only raises one ground, *i.e.*, that the judgment is void in that it imposes a Range I classification for the offense of first degree murder. In support of his position, Petitioner relies upon the unpublished case of *Dewayne Cathey v. State,* No. W2003-00411-CCA-R3-CO, 2004 WL 1686869, *1 (Tenn. Crim. App., at Jackson, July 28, 2004), and other similar cases, in which this Court found that habeas corpus relief was warranted because the plea agreement included provisions that could not legally be honored. *See also Mario Lambert v. Jack Morgan, Warden,* No. M2002-00172-CCA-RM-PC, 2002 WL 445070, *1 (Tenn. Crim. App., at Nashville, Mar. 22, 2002), *reh'g denied,* (April 24, 2002). Specifically, in these cases, the defendants pled guilty to offenses that were not statutorily qualified for Range I release eligibility.

The cases relied upon by Petitioner are distinguished from those facts presently before this Court and, therefore, are not controlling. Unlike the defendants in the cases relied upon by Petitioner, the Petitioner did not enter a guilty plea. Petitioner Darden was convicted by a jury and was sentenced by the trial court. Therefore, the trial court's failure to properly mark the judgment did not deprive the Petitioner of any expectation as to release eligibility, because none ever existed. *See Thomas Braden v. Ricky Bell, Warden*, No. M2004-01381-CCA-R3-HC, 2005 WL 2008200, *1 (Tenn. Crim. App. at Nashville, Aug. 19, 2005). The trial court's error did not change the fact that the Petitioner was statutorily required to serve one hundred percent of the sentence. *Id.* The calculation of the Petitioner's sentence was "an operation of law" and left no room for discretion. *Id.* As noted by the trial court, the appropriate remedy is not to void the judgment but rather to amend the judgment so as to comply with the statute. This court has previously held that an illegal sentence may serve as a basis for habeas relief only if the illegality of the sentence is "egregious to the point of voidness." *Coleman v. Morgan,* 159 S.W.3d 887, 890 (Tenn. Crim App. 2004) (citing *Cox v. State,* 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)). Accordingly, "mere clerical errors in the terms of a sentence may not give rise to a void judgment." *Id.*

The trial court properly determined that it was necessary to determine whether or not the Robertson County Circuit Court had amended the judgment to reflect one hundred percent service. A hearing was scheduled for February 22, 2005, and counsel was appointed. The Petitioner has failed to provide this Court with the transcript of the February 22, 2005, hearing, and/or any order

resulting therefrom.  It is the duty of the appealing party to prepare a complete record.  *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993).  When the appellate record is incomplete, the appellate court presumes that the determination of the trial court is correct.  *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992).  Accordingly, this Court presumes the trial court properly ruled on the petition for habeas corpus relief as to this issue.

Accordingly, the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE