IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2006

# RONALD E. WALKER v. RICKY BELL, Warden

**Appeal from the Criminal Court for Shelby County
No. 85-02083, 85-02084, 85-02085   W. Otis Higgs, Judge**

---

**No. W2006-00644-CCA-R3-HC  - Filed January 18, 2007**

---

The Petitioner, Ronald E. Walker, filed a pro se petition for a writ of habeas corpus.  The habeas corpus court denied relief, and the Petitioner filed a timely notice of appeal.  On appeal, the Petitioner contends that he received an illegal sentence that was used to enhance the sentence that he is presently serving.  He also asserts that the sentence that he is presently serving is void on its face.  Finding no reversible error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Ronald E. Walker, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

**OPINION
I.  Facts**

This case arises from the denial of the Petitioner's habeas corpus petition contending that he received an illegal sentence that was used to enhance the sentence that he is presently serving, and that the sentence that he is presently serving is void on its face. On March 21, 1986, the Petitioner, Ronald E. Walker, plead guilty to the following three offenses, with each sentence to run concurrently with the other two:

| Case Number | Offense | Arrest Date | Conviction Date | Sentence |
|---|---|---|---|---|
| 85-00269 | Receiving Stolen Property | 1-15-85 | 3-21-86 | three years, Range I |
| 85-01210 | Burglary | 11-12-84[1] | 3-21-86 | three years, Range I |
| 85-03572 | Grand Larceny | 1-15-85 | 3-21-86 | three years, Range I |

Subsequently, a Shelby County jury convicted the Defendant of aggravated kidnaping, aggravated assault, and robbery in the following cases:

| Case | Offense | Arrest Date | Conviction Date | Sentence |
|---|---|---|---|---|
| 85-02083 | Aggravated Kidnaping | 1-15-85 | 6-26-86 | life |
| 85-02084 | Aggravated Assault | 1-15-85 | 6-26-86 | ten years, Range II |
| 85-02085 | Robbery | 1-15-85 | 6-26-86 | fifteen years, Range II |

The trial court ordered the Petitioner's sentences for all three of these convictions to run concurrently with one another and also concurrently with the March 21, 1986 convictions for burglary, receiving stolen property and grand larceny. The Petitioner filed a habeas corpus petition arguing that the trial court lacked authority to impose concurrent sentences for his burglary, receiving stolen property, and grand larceny offenses because he was released on a $2,500 bail bond for his burglary charge when he committed the offenses of grand larceny and receiving of stolen property. The habeas court dismissed the Petition holding that despite the apparent illegality the sentences, the Petitioner was not imprisoned or restrained of his liberty by the subject convictions, and the sentences had expired and were not subject to habeas corpus relief.

## II. Analysis

On appeal, the Petitioner contends he is being restrained of his liberty by a sentence which was enhanced by an illegal sentence. He argues that his sentences for his receiving stolen property, burglary, and grand larceny became illegal when the trial court accepted his guilty pleas and ran these sentences concurrently in violation of Tennessee Code Annotated section 40-20-111(b) because when he committed these offenses he was out on bail for the burglary charge of which he was

---

[1]The Petitioner was released on a $2,500 bond on 11-13-1984.

subsequently convicted. He contends that these illegal sentences were improperly used to enhance his sentences for aggravated kidnaping, aggravated assault, and robbery from Range I to Range II. The Petitioner also argues that the judgment running his sentences for the aggravated kidnaping, aggravated assault, and robbery convictions concurrently with the burglary conviction violates Tennessee Code Annotated section 40-20-111(b) because when he committed these offenses he was out on bail for the burglary charge of which he was subsequently convicted.

Article I, Section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2003). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Hickman, 153 S.W.3d at 20; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the Petitioner, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107 (2003):

(a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21.

In the case under submission, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated 29-21-107. He did not verify the petition by affidavit as required by section 29-21-107(a). Nevertheless, in the interest of justice, we will consider the Petitioner's claims. The Petitioner's claim that he is being restrained of his liberty by a sentence which was enhanced by an illegal sentence does not entitle him to relief. He claims that his sentences for receiving stolen property, burglary, and grand larceny are illegal because they violate Tennessee Code Annotated 40-20-111(b), that they were illegal when he pled guilty, and that they were therefore improperly used to enhance his sentences for aggravated kidnaping, aggravated assault, and robbery. A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions. Tenn. Code Ann. 29-21-101 (2003). In Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004), our Supreme Court explained that:

[A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

As in Hickman, the Petitioner is not currently imprisoned or restrained of liberty by his convictions for receiving stolen property, burglary, and grand larceny. Although these convictions were used to enhance the sentences he is currently serving, Hickman makes it clear that this is not an adequate basis for habeas corpus relief when the sentences complained of were served and expired before the Petitioner filed a habeas corpus petition to challenge them. Consequently, the Petitioner is not presently "imprisoned or restrained of liberty" by his convictions for receiving stolen property, burglary, and grand larceny. Accordingly, the Petitioner is not entitled to habeas corpus relief on this issue.

Similarly, we respectfully disagree with the Petitioner's assertion that the sentence that he is presently serving is void because it violates Tennessee Code Annotated 40-20-111(b) (2003) and Tennessee Rule of Criminal Procedure 32(c)(3). Pursuant to Tennessee Code Annotated 40-20-111(b):

"any case in which a Petitioner commits a felony while such Petitioner was released on bail . . . and the Petitioner is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively."

Pursuant to Tennessee Rule of Criminal Procedure Rule 32(c)(3):

When a Petitioner is convicted of multiple offenses from one trial or when the Petitioner has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply: . . . (C) to a sentence for a felony committed while the Petitioner was released on bail and the Petitioner is convicted of both offenses.

The record indicates that the Petitioner was released on bail for his burglary conviction when he committed the aggravated kidnaping, aggravated assault, and robbery offenses. Therefore, the judgment ordering these sentences to be served concurrently with the prior burglary conviction violates the provisions of Tennessee Code Annotated 40-20-111 (2003). However, the Petitioner relies on McClaney v. Bell, 59 S.W.3d 90, 94 (2001), for the proposition that a sentence issued in contravention of a statute "is subject to being set aside at any time, even if it has become final." Under McLaney, an illegal sentence that results from guilty plea proceedings warrants habeas corpus relief because the plea agreement includes provisions that cannot be legally honored. Id. In contrast, in the case under submission, the Petitioner was convicted by a jury and sentenced by the trial court, and the trial court's failure to properly mark the judgment did not deprive the Petitioner of any expectations pursuant to a plea agreement. This differs from a case in which a petitioner is extended a plea agreement offer and accepts a negotiated illegal sentence to his detriment. This Court has previously held that an illegal sentence may serve as a basis for habeas relief only if the illegality of the sentence is egregious to the point of voidness. Coleman v. Morgan, 159 S.W.3d 887, 890 (2004). While the sentences are illegal on their face in this case, the illegality is not so egregious as to void the sentences. Therefore, the appropriate remedy is to amend the judgment so as to comply with the statute, not to void the judgment. State v. Thomas Braden, No. M2004-01381-CCA-R3-HC, 2005 WL 2008200, at *4 (Tenn. Crim. App., at Nashville, Aug. 19, 2005), *no Tenn. R. App. P. 11 application filed*, see also Barry Sotherland v. State, No. 2006 WL 407775, at *4 (Tenn. Crim. App., at Nashville, Feb., 17, 2006), *no Tenn. R. App. P. 11 application filed*. The trial court's error is clerical in nature and does not merit habeas relief. Therefore, the order of the habeas court dismissing the Petitioner's petition should be affirmed. As in Thomas Braden, the Petitioner's appropriate remedy is for the trial court to amend the judgments to reflect that the Petitioner must serve his sentences in cases 85-02083, 85-02084, and 85,02085 consecutively to the sentence in his case 85-01210.

### III.  Conclusion

Based upon the aforementioned reasoning and authorities, we affirm the habeas court's

dismissal of the Petitioner's writ of habeas corpus, and remand for the entry of corrected judgments as indicated above.

_____
ROBERT W. WEDEMEYER, JUDGE