IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2007

## STEVEN D. TUTT v. TENNESSEE DEPARTMENT OF CORRECTIONS

**Appeal from the Chancery Court for Davidson County**
**No. 05-1155-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2005-02563-COA-R3-CV - Filed on August 16, 2007**

---

An inmate convicted of rape of a child filed a Petition for Declaratory Judgment, asking the Chancery Court to find that he was entitled to earn sentence reduction credits so he could be released from prison before the end of his fifteen year sentence. The Chancery Court dismissed the petition on the ground that the statute under which he was convicted required him to serve 100% of his sentence, undiminished by any sentence reduction credits. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

Steven D. Tutt, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Bradley W. Flippin, Assistant Attorney General, for the appellee, Tennessee Department of Corrections.

**OPINION**

**I.**

On July 9, 1997, Steven D. Tutt plead guilty to a charge that he had raped a child on February 1 of that year. He was sentenced to fifteen years imprisonment. While incarcerated, he filed a Petition for Declaratory Order with the Tennessee Department of Correction, pursuant to Tenn. Code Ann. § 4-5-223(a). In the petition he contended, among other things, that his plea agreement with the Marshall County District Attorney included a provision that allowed him to earn sentence credits which could result in his release after he had served 85% of his sentence. He argued that the Department had illegally changed that sentence to require him to serve the entire fifteen years. The Department denied his petition. Its representative noted that there was nothing on the judgment order to show anything less than 100% of time to be served on Mr. Tutt's conviction.

On May 5, 2005, Mr. Tutt filed a *pro se* Petition for Declaratory Judgment in the Chancery Court of Davidson County, pursuant to Tenn. Code Ann. § 4-5-225. He advanced the same arguments he had previously presented in his Petition for Declaratory Order. These included a claim that the statute which requires those convicted of child rape to serve 100% of their sentences, Tenn. Code Ann. § 39-13-523, did not become effective until September 10, 1997, which was seven months after he committed the offense for which he was convicted, and thus that its application to him was a violation of the constitutional prohibition against *ex post facto* laws.

The Department filed a Motion for Summary Judgment and an accompanying memorandum. The memorandum asserted that Mr. Tutt's *ex post facto* argument was baseless because, contrary to his assertion, Tenn. Code Ann. § 39-13-523 had in fact been enacted before his offense was committed. The trial court granted the Department's Motion on October 12, 2005. This appeal followed.

## II.

Mr. Tutt has presented on appeal the very same arguments that were the basis of his Petition for Declaratory Order and Petition for Declaratory Judgment. We note that the statute that controls Mr. Tutt's eligibility for sentence reduction credits is Tenn. Code Ann. § 39-13-523. That statute reads in pertinent part,

> (a) As used in this section, unless the context otherwise requires:
> (1) "Child rapist" means a person convicted one (1) or more times of rape of a child as defined by § 39-13-522;
> ...
> (b) Notwithstanding any other provision of law to the contrary, a multiple rapist or a child rapist, as defined in subsection (a), shall be required to serve the entire sentence imposed by the court, undiminished by any sentence reduction credits the person may be eligible for or earn. A multiple rapist or a child rapist shall be permitted to earn any credits for which the person is eligible and the credits may be used for the purpose of increased privileges, reduced security classification, or for any purpose other than the reduction of the sentence imposed by the court.
> (c) The provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole shall not apply to or authorize the release of a multiple rapist or child rapist, as defined in subsection (a), prior to service of the entire sentence imposed by the court.

As the Court of Criminal Appeals noted in *Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004), "39-13-523 does, indeed, provide that defendants convicted of rape of a child are ineligible to receive the benefit of sentence reduction credits and must serve their entire sentenced undiminished by any such credits."

The text of the above statute was enacted into law in 1992. *See* 1992 Tenn. Pub. Acts, ch. 878 § 1. Thus, there is no basis for Mr. Hill's assertion that the statute was enacted in 1997. The plain terms of the statute preclude any individual who is convicted of rape of a child after its effective date from serving less than 100% of his sentence. The effective date of the statute was July 1, 1992. Mr. Hill nonetheless argues that he is entitled to take advantage of the provisions for sentence reduction credits found in Tenn. Code Ann. § 40-35-501, despite the explicit exclusion set out in Tenn. Code Ann. § 39-13-523(c).

The subject matter of Tenn. Code Ann. § 40-35-501 is the calculation of release eligibility status for convicted felons. Subsection (i)(1) of the statute limits the sentence reduction credits that an inmate may earn if he has been convicted of any of eleven specific offenses to an amount that will shorten his sentence by no more than 15%. The enumerated offenses include first degree murder, aggravated kidnapping, rape and rape of a child. However, subsection (i)(3) of the same statute declares that

> Nothing in this subsection (i) shall be construed as affecting, amending or altering the provisions of § 39-13-523, which requires child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

Mr. Tutt insists that the above subsection (i)(3) did not come into effect until September 10, 1997. But the legislative record reveals that all parts of section (i) were enacted by the 99th General Assembly at the same time [1995 Tenn. Pub. Acts, ch. 492 § 1]. The Act declares that it is to take effect on July 1, 1995. Thus, inexplicably, the same Act listed child rape convictions as those subject to the 15% limit and also declared child rapists ineligible for any sentence reduction credits. Nonetheless, the meaning of subsection (i)(3) of that statute, quoted above, is plain and cannot be ignored. Tennessee Code Annotated § 39-13-523(c) is also clear and unambiguous.

Aside from *Coleman v. Morgan, supra*, the Court of Criminal Appeals has had several opportunities to construe the above statutes since their enactment. For example, in *Hill v. State,* No. M2000-01428-CCA-R3-PC, 2001 WL 1006050 (Tenn. Crim. App. Aug. 30, 2001) (No Tenn. R. App. P. 11 application filed), the defendant reached a plea that resulted in his conviction for four separate acts of child rape committed in three different counties. He received four sixteen year sentences for the offenses, to be served concurrently.

The sentencing documents for two of the sentences stated that they were to be served as a "Standard 30% Range 1," and the two others to be served at 100%, with a possible reduction by 15%. The appeals court declared all four sentences to be illegal, and remanded the case to the sentencing court for new sentences to be served at 100% in accordance with Tenn. Code Ann. § 39-13-523.

The plaintiff in *Neely v. Bell*, No. M2004-01012-CCA-R3-HC, 2005 WL 119558 (Tenn. Crim. App. Jan. 20, 2005) (No Tenn. R. App. P. 11 application filed), presented an *ex post facto*

argument similar to the one presented by Mr. Tutt. Mr. Neely was convicted of two child rapes on a plea of *nolo contendere*, and was sentenced to two concurrent fifteen year terms to be served at 100%. He argued that since his offenses were committed one month prior to the effective date of Tenn. Code Ann. § 40-35-501(i) he was entitled to be sentenced as a Range 1 Standard Offender under the 1989 Sentencing Reform Act. The appeals court disagreed. It held, among other things, that Mr. Neely was still subject to the provisions of Tenn. Code Ann. § 39-13-523 and that the requirement that he serve his sentence at 100% applied.

The above statutes and cases establish unequivocally that those convicted of child rape after July 1, 1992 must serve their sentences undiminished by sentence reduction credits. Mr. Tutt committed his offense in 1997, and he was convicted in the same year. Thus, there is no basis either in law or fact for Mr. Tutt's petition. The trial court was correct in concluding that he was not entitled to relief and in granting summary judgment to the Department.

## III.

The judgment of the trial court is affirmed. We remand this case to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant, Steven D. Tutt.

_____
PATRICIA J. COTTRELL, JUDGE