IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2012

## STATE OF TENNESSEE v. SAMUEL L. GIDDENS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-B-1184    J. Randall Wyatt, Jr., Judge**

_____

**No. M2012-00858-CCA-R3-CD - Filed May 13, 2013**

_____

Appellant, Samuel L. Giddens, seeks relief from the trial court's order denying Appellant's "Motion Nunc Pro Tunc," which sought amendment of a judgment to increase his pretrial jail credits. The trial court denied relief without having a hearing. We conclude that Appellant's appeal must be dismissed because there is no appeal as of right from the denial of the motion filed by Appellant.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Samuel L. Giddens, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**

Appellant's motion was filed in case number 2002-B-1184 in the Criminal Court of Davidson County. Appellant stated that he received pre-trial jail credit for the period of March 13, 2002 through December 30, 2002 (via an amended judgment entered October 5, 2009) for his conviction in "Count 8." Appellant contended that he was actually entitled, pursuant to Tennessee Code Annotated section 40-23-101(c), to pre-trial jail credit from March 13, 2002 through April 2, 2004, the date he was sentenced for his convictions in case

number 2002-B-1184. By our calculation, Appellant sought an additional 459 days of pre-trial jail credit from December 31, 2002 through April 2, 2004 (2004 was a "leap year" so February had 29 days).

Following a jury trial, Appellant was convicted in case number 2002-B-1184 for the offenses of reckless homicide, attempted especially aggravated robbery, and aggravated burglary. He received an effective sentence of fourteen years. *State v. Samuel L. Giddens, Jr.*, No. M2005-00691-CCA-R3-CD, 2006 WL 618312, at *1 (Tenn. Crim. App. Mar. 13, 2006) *perm. to app. denied* (Tenn. June 26. 2006). In reference to his situation in Davidson County Criminal Court case number 2002-B-1184, Appellant alleges in his motion that he was taken into custody at the county jail on the date of the offenses (March 13, 2002), "then later transferred to the state penitentiary still in confinement *awaiting to be tried on case no. 2002-B[-]1184.* (emphasis added). In addition to asserting that he is entitled to 459 additional days of pre-trial jail credit, Appellant alleged in his motion that the pre-trial jail credit which he was granted by an amended judgment in October, 2009, was erroneously applied at that time to a sentence he had already served (Count 8).

As to the argument that Appellant is entitled to pre-trial jail credits from December 31, 2002, through April 2, 2004, the trial court found,

> [Appellant] was transferred to the Tennessee Department of Correction on December 30, 2002, in order to allow the [Appellant] to begin serving a nine (9) year and six (6) month sentence, in Case Number II-1100-367, for a drug conviction out of Williamson County. The court finds that the [Appellant's] conviction[s] out of this Court [were] ordered to run consecutively to the sentence out of Williamson County. The Court finds that the [Appellant] is not [ ] entitled to any pretrial jail credit after December 30, 2002, as he was serving a sentence in another unrelated case.

We note that these findings and conclusions by the trial court do not contradict the allegations in Appellant's motion. As to Appellant's second contention, that the pretrial jail credits actually awarded in the amended judgment were only applied to the sentence in Count 8, which by then had already been served, the trial court correctly noted that the amended judgment applied to both counts 2 and 8. The trial court concluded that the expiration of the sentence in Count 8 "did not impact [Appellant's] award of pretrial jail credit, as the jail credit was calculated to reduce his release eligibility date." In his initial brief on appeal, and also in his reply brief, Appellant asserts that he may only be entitled to additional pretrial jail credit from December 31, 2002 through May 31, 2003, rather than April 2, 2004.

**Analysis**

Appellant sought review of the trial court's denial of his motion by filing a "Notice of Appeal" as of right from the trial court's order. Tennessee Rule of Appellate Procedure 3(b) specifies when a defendant in a criminal case may appeal as of right to the Court of Criminal Appeals from an action by the trial court. That rule provides as follows:

> (b) Availability of Appeal as of Right by Defendant in Criminal Actions. – In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36, Tennessee Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

As presently written, Appellant is not entitled to an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3. His motion is *not* a motion to correct a *clerical* error pursuant to Tennessee Rule of Criminal Procedure 36. That is, Appellant's case is *not* one where the trial court ordered pretrial jail credits through April 4, 2004 (or May 31, 2003 as Appellant now asserts on appeal), but then erroneously wrote the wrong date on the judgment. *See Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011) (citing *Wilkerson v. Carlton*, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227 (Tenn. Crim. App. Nov. 20, 2008) favorably for the proposition that where the transcript shows a sentence of 25 years imposed for especially aggravated robbery, but the judgment set forth a sentence of four years, this was a clerical error).

Also in a footnote in *Cantrell*, the supreme court stated,

> If the uniform judgment documents prepared and entered on Defendant's aggravated rape convictions **accurately reflect the actual sentences**

**imposed** then relief under Tennessee Rule of Criminal Procedure 36 **is not available. See Coleman v. Morgan**, 159 S.W.3d 887, 892 (Tenn. Crim. App. 2004)(concluding that [Tennessee] Rule [of Criminal Procedure] 36 did not apply where transcript of defendant's guilty plea hearing indicated that illegal sentence reflected on judgment document was sentence actually imposed).

*Cantrell*, 346 S.W.3d at 449, n. 2 (emphasis added).

The supreme court defined an illegal sentence as including the following judgments:

An *illegal* sentence is one which is "in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). We also include within the rubric "illegal sentences" those sentences which are not authorized under the applicable statutory scheme. *Davis [v. State]*, 313 S.W.3d [751][,] 759 [Tenn. 2010].

*Cantrell*, 346 S.W.3d at 451. (emphasis added)

Tennessee Code Annotated section 40-23-101(c) has the following mandatory provisions:

(c) The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the Defendant was tried.

A panel of this court has held that failure to grant appropriate pretrial jail credits pursuant to Tennessee Code Annotated section 40-23-101(c) results in an illegal sentence, because such a sentence would be in direct contravention of a statute. *Mark Grimes v. Tony Parker, Warden*, No. W2007-00169-CCA-R3-HC, 2008 WL 141129, at *3 (Tenn. Crim. App. Jan. 14, 2008)(citing *Hoover v. State*, 215 S.W.3d 776, 778 (Tenn. 2007)).

Effective July 1, 2013, a defendant in a case similar to Appellant's case will have a Rule 3 right of appeal from an order entered pursuant to new Tennessee Rule of Criminal Procedure 36.1, which also becomes effective July 1, 2013. *See* Supreme Court of Tennessee Order entered December 18, 2012, *In Re*: Amendments to Tennessee Rules of Appellate Procedure, ratified March 26, 2013, by SR0013 and on March 29, 2013 by HR0035; *see also* Supreme Court of Tennessee Order entered December 18, 2012, *In Re*: Amendments to Tennessee Rules of Criminal Procedure, ratified March 26, 2013, by SR0011 and on March 4, 2013, by HR0033.

New Tennessee Rule of Criminal Procedure 36.1, effective July 1, 2013, sets forth the following procedures allowing consideration of a motion to correct an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)  (1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her

plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

The advisory commission comment to new Rule 36.1 provides:

Rule 36.1 was adopted to provide a mechanism for the defendant or the State to seek to correct an illegal sentence. With the adoption of this rule, Tenn. R. App. P. 3 also was amended to provide for an appeal as of right from the trial court's ruling on a motion filed under Rule 36.1 to correct an illegal sentence.

As noted by this advisory commission comment, effective July 1, 2013, Tennessee Rule of Appellate Procedure 3(b) is amended to specifically permit a defendant to appeal as of right an order of the trial court entered pursuant to Tennessee Rule of Criminal Procedure 36.1. We note that new Rule 36.1 provides that if a motion filed on or after July 1, 2013, presents a colorable claim that a sentence is illegal, and if the defendant is indigent and not represented by an attorney, the trial court "shall" appoint counsel to represent the defendant. Appellant is not entitled to relief in this appeal.

## CONCLUSION

In summary, Appellant's motion was not one to correct a clerical error as defined by *Cantrell*. As such, Appellant did not have a right of appeal from the trial court's order pursuant to Tennessee Rule of Appellate Procedure 3(b). His motion, in essence, was one

contemplated by new Tennessee Rule of Criminal Procedure 36.1, but that rule is not in effect until July 1, 2013. As such, this appeal must be dismissed.

_____
THOMAS T. WOODALL, JUDGE