IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs January 13, 2010

**JAMES P. STOUT v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4029     Cheryl Blackburn, Judge**

**No. M2009-01171-CCA-R3-HC - Filed April 5, 2010**

A Shelby County jury convicted the Petitioner, James Stout, of one count of especially aggravated robbery, and the trial court sentenced the Petitioner, a Range II offender, to forty years in the Tennessee Department of Correction ("TDOC"). The Petitioner filed a petition for habeas corpus relief, his second such petition, alleging that his conviction is void because: (1) his indictment was void because the grand jury foreperson issuing the indictment was appointed by a Shelby County trial judge; (2) his sentence is unconstitutional because, on the judgment of conviction, the trial judge checked both boxes indicating that his sentence should run at 35% and 100%. The habeas corpus court denied the petition, and the Petitioner appeals that judgment. Finding no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

James Stout, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Facts**

A jury convicted the Defendant of especially aggravated robbery. He did not challenge his conviction on direct appeal, but later filed a petition for post-conviction relief, alleging he received the ineffective assistance of counsel at trial. The post-conviction court dismissed the Petitioner's petition, and in our opinion affirming that judgment we provided the following summary of the factual background of this case:

In the early morning hours of November 11, 1995, the victim, Walter Bush, III, was returning home from his job as a cook at Perkins' Restaurant. As he parked his car on a side street near his home, a car containing three men pulled up beside his car. One of the men jumped from the car, pointed a gun at Bush, and ordered Bush to get out of his car and drop his keys. Bush complied. Pursuant to further instructions, Bush also handed the assailant his money. A second man got out of the vehicle, retrieved Bush's keys, and got into the driver's side of Bush's vehicle. The first assailant asked Bush if he would remember the assailant's face. Bush replied that he would not. The assailant then ordered Bush to turn around. Bush did so and, fearing for his life, began to move away. At that time, Bush was shot in the neck by the first assailant. The assailants then drove both vehicles away. Bush survived the gunshot.

At trial, Lieutenant Hollis W. Hightower of the Memphis Police Department testified that, through his investigation, he was able to identify Verico Bowers and Vassie Gandy as two of Bush's assailants. However, Bush was unable to identify either Bowers or Gandy in a photographic line-up. Bowers and Gandy revealed to Lieutenant Hightower that they knew the third assailant only by his "street name" of "Taurus." Furthermore, Bowers and Gandy provided Lieutenant Hightower with the name and address of "Peco," who knew the real identity of "Taurus." As a result of a conversation with "Peco,"whose real name was Thomas Stout, Memphis Police officers discovered that "Taurus" was Stout's cousin, James P. Stout, the [P]etitioner.

While examining the [P]etitioner's arrest record, Lieutenant Hightower discovered a photograph of the [P]etitioner. Lieutenant Hightower showed this picture to Bowers and Gandy, who confirmed that the person in the picture was "Taurus," the third assailant. After ascertaining that the [P]etitioner lived with his grandmother, Frances Beasley, Lieutenant Hightower went to Beasley's home at approximately 1:45 a.m. on the morning of November 21, 1995. He knocked on the door of the residence and, when the [P]etitioner answered the door, entered the residence without a warrant and arrested the [P]etitioner. Lieutenant

Hightower took the [P]etitioner into custody and transported him to the police station where, approximately one hour later, the [P]etitioner gave a statement confessing to the robbery. Subsequently, Bush examined a photographic line-up containing a picture of the petitioner and identified the [P]etitioner as his assailant.

*James P. Stout v. State*, No. W2000-01743-CCA-R3-PC, 2002 WL 1482671, at *1 (Tenn. Crim. App., at Jackson, Feb. 7, 2002), (footnotes omitted), *no Tenn. R. App. P. application filed*.

The Petitioner filed his first petition for habeas corpus relief pro se on January 14, 2008. In the petition, he alleged: (1) the grand jury foreperson was unconstitutionally selected by a circuit court judge, which violated his 14th Amendment rights and made his indictment void on its face. The habeas corpus court dismissed the petition, finding that "this [was] not a cognizable habeas corpus claim." The habeas corpus court noted that the Petitioner had also not complied with statutory requirements for habeas corpus petitions but reiterated that the dismissal was also based upon the merits of the petition. Our Court records indicate that the Petitioner filed a Rule 10 extraordinary appeal of the habeas corpus court's dismissal to this Court. We denied the Rule 10 on April 7, 2008. The Petitioner then filed a Rule 10 appeal to the Tennessee Supreme Court, which the Court denied on June 23, 2008.

On October 20, 2008, the Petitioner filed in the Davidson County Criminal Court an "Affidavit Verifying Complaint," in which he alleged: (1) that his sentence was illegal because the trial court ordered him to serve his sentence at 100% and 35% for only one offense, which constituted a "double sentencing"; (2) he was illegally restrained because his indictment was void due to the unconstitutional selection of Tennessee's grand jury foreperson. The habeas court dismissed the Petitioner's petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that his conviction is void because: (1) his sentence is illegal due to the trial court ordering him to serve his sentence at 100% and 35% for only one offense, which constituted a "double sentencing"; (2) he was illegally restrained because his indictment was void due to the unconstitutional selection of Tennessee's grand jury foreperson.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by

statute. T.C.A. § 29-21-101 (2006) *et seq*. "The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyattv. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statue, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

## A. Sentence

The Petitioner first asserts that his judgments are void because the trial court "double sentenced" him by marking both the 100% and the 35% boxes on the judgment form. The habeas corpus court found:

> The Judgment Form shows that Petitioner is deemed as a Range 2 multiple offender (Range 2) his sentence was imposed as a violent offender at 100% release eligibility.
>
> . . . .
>
> The Judgment Form is included as an Appendix to Petitioner's application for habeas corpus relief. It shows that two boxes are checked. One box indicates Petitioner's range as a Range II offender and includes the percentage of 35% next to it. The second box indicates Petitioner is to serve his sentence at 100% as a violent offender. This Judgment Form was the standard form used in Tennessee at the time Petitioner was sentenced. Although it appears two sentencing ranges are checked, with the 100%

-4-

trumping the 35%, the Court actually was checking boxes to designate Petitioner's sentencing range (which the Court determined was Range II) as well as his sentence, which was 100% based on his conviction offense.

. . . .

Here, the trial court did commit an error in completing the Judgment Form; however, even assuming *in arguendo* that the Judgment Form provides two different sentencing percentages, Petitioner fails to establish a cognizable habeas corpus claim.

Petitioner does not assert that his 40 years at 100% sentence exceeds the statutory minimum but in fact claims the opposite. He even concedes that a sentence of 40 years at 100% is a "proper and legal sentence" where as 40 years at 35% would be illegal. . . .Petitioner's primary complaint is simply that the Court erred in checking two boxes, which he claims voids the judgment, involved the court exceeding its authority, and resulting in a vague sentence.

The habeas corpus court then cited *Edwards v. State*, 269 S.W.3d 915, 925 n.8 (Tenn. 2008), for the proposition that this type of error renders a judgment at most voidable and not void.

First, we conclude that what has occurred here is a clerical error and should be remedied by entry of corrected judgments pursuant to Tennessee Rule of Criminal Procedure 36. The record clearly indicates that the trial court intended for the Petitioner's sentence to be served at 100%. The Petitioner was convicted by a jury, and his status as a violent offender was an operation of statute. *See* T.C.A. § 40-35-501(i)(2)(E).

Further, even were we to agree with the Petitioner that more than a mere clerical error is involved, we agree with the habeas corpus court that the error would nonetheless render the judgment voidable and not void. This Court has previously held that an illegal sentence may serve as a basis for habeas relief only if the illegality of the sentence is "egregious to the point of voidness." *Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004) (citing *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001)). The indication of two sentencing ranges on the Petitioner's judgment form would not rise to this level of egregiousness, especially in light of the fact that all the parties to this case understood that the Petitioner was to serve his sentence at 100%.

**B. Grand Jury Foreperson**

The Petitioner next contends he is illegally restrained because his indictment was void due to the unconstitutional selection of Tennessee's grand jury foreperson. Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claim concerning the grand jury foreperson is not cognizable in a habeas corpus proceeding. There is nothing in the record to indicate that the trial court was without jurisdiction to sentence the Petitioner or that the Petitioner's sentence has expired. Thus, no grounds exist entitling the Petitioner to habeas corpus relief. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE