IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2012

## ANTON CARLTON v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court of Hardeman County**
**No. CC-2012-CR-63      Joseph H. Walker, III, Judge**

**No. W2012-00798-CCA-R3-HC  - Filed December 13, 2012**

Anton Carlton ("the Petitioner") filed a petition for writ of habeas corpus, alleging that he received a sentence for an offense for which he was not convicted. The habeas corpus court dismissed his petition without a hearing, and the Petitioner now appeals. After a thorough review of the record and the applicable law, we affirm the habeas corpus court's summary dismissal of habeas corpus relief. However, we remand the case to the sentencing court to enter a corrected judgment as specified in this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed;**
**Remanded**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER , JJ., joined.

Anton Carlton, pro se, Whiteville, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Kyle Hixson, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

The Petitioner was indicted for five counts of especially aggravated kidnapping, two counts of aggravated robbery, one count of aggravated burglary, and two counts of theft. He pleaded guilty to one count of especially aggravated kidnapping, two counts of aggravated robbery, and one count of aggravated burglary. The plea agreement provided that the Petitioner would plead guilty to the first count of especially aggravated kidnapping and that the remaining four counts would be dismissed. In addition, the two counts of theft would be

dismissed. The trial court entered judgment against the Petitioner, indicating that the Petitioner pleaded guilty to the second, and not the first, count of especially aggravated kidnapping. Pursuant to the plea agreement, the Petitioner was sentenced to twenty-five years for his especially aggravated kidnapping conviction, ten years for each aggravated robbery conviction, and five years for his aggravated burglary conviction, to run consecutively.

On March 13, 2012, the Petitioner filed for habeas corpus relief.[1] On March 19, 2012, the habeas corpus court dismissed the Petitioner's petition without a hearing, and the Petitioner timely filed a notice of appeal. On appeal, the Petitioner asserts that his especially aggravated kidnapping conviction "is void and should be set aside to correct a miscarriage of justice."

## Analysis

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 et seq. (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid

---

[1] In his petition before the habeas corpus court, the Petitioner stated that he filed for post-conviction relief in December 2005, alleging that he "was illegally sentenced outside the range provided in the plea agreement." Upon the post-conviction court's determination that the sentence was legal, the Petitioner filed a motion to reconsider, which also was denied. The Petitioner further stated that the post-conviction court never appointed post-conviction counsel or held any hearings. None of these filings or orders are included in the record before this Court.

because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner contends that, pursuant to his plea agreement, count two of his indictment was to be dismissed upon his plea to count one of especially aggravated kidnapping. However, he asserts that the judgment form indicated that he pleaded guilty to count two, rendering his judgment void.

The habeas corpus court considered the error in the judgment a "scrivener's error" which did not void the judgment. Rather, the habeas corpus court directed the clerk to "send a copy to the Judge in Rutherford County for determination whether a corrected judgment form should be entered." The Rutherford County Circuit Court filed a "corrected judgment" on April 9, 2012, finding the Petitioner guilty of especially aggravated kidnapping in count one.[2]

Clerical errors occur from a "mistake in filling out the uniform judgment document." Cantrell v. Easterling, 346 S.W.3d 445, 449 (Tenn. 2011). To remedy a clerical error in the judgment, Rule 36 of the Tennessee Rules of Criminal Procedure governs our protocol. The rule provides that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36.

In the record before us, we do not have a transcript of the guilty plea hearing, but we do have the plea agreement signed by both the Petitioner and the prosecutor. In that agreement, the Petitioner was to plead guilty to Count 1 for especially aggravated kidnapping, Counts 6 and 7 for aggravated robbery, and Count 8 for aggravated burglary. Counts 2, 3, 4, 5, 9, and 10 were to be dismissed. Thus, it appears that the judgment reflecting a conviction for Count 2, rather than Count 1, is nothing more than a clerical error. The nature of the error is evidenced further by the Rutherford County Circuit Court filing a corrected judgment on April 9, 2012, which convicted the Petitioner of especially aggravated

---

[2] Contemporaneous to the filing of its appellate brief, the State filed in this Court a "Motion to Consider Post-Judgment Facts." In this motion, the State requested permission for this Court to consider the April 9, 2012 corrected judgment, and this Court granted the motion.

kidnapping as to Count 1. Therefore, the habeas corpus court did not err in summarily dismissing the Petitioner's claim. See Victor E. McConnell v. Howard Carlton, Warden, No. E2008-00986-CCA-R3-HC, 2009 WL 1392544, at *4 (Tenn. Crim. App. May 19, 2009), perm. app. denied (Tenn. Oct. 19, 2009) (stating that "'mere clerical errors in the terms of a sentence may not give rise to a void judgment'") (quoting Coleman v. Morgan, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004));  Adrian Wilkerson v. Howard Carlton, Warden, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *6 (Tenn. Crim. App. Nov. 20, 2008) ("[T]he trial court did not err in dismissing the petition and finding that the erroneous notations on Petitioner's judgments of conviction for especially aggravated robbery and theft are subject to correction pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.").

In its appellate brief, the State notes that, pursuant to Rule 36 of the Tennessee Rules of Appellate Procedure, further corrections may be necessary. The April 9, 2012 corrected judgment does not mention that Count 2 was dismissed, as indicated in the original plea agreement. Additionally, the other original judgments for Counts 6, 7, and 8 indicate that the sentences for each of these convictions are to run consecutively to the sentence for the conviction in Count 2, rather than Count 1. We agree with the State that further corrections are necessary to rectify the clerical error in the original judgment of conviction. Therefore, we remand this case to the Rutherford County Circuit Court to enter corrected judgments reflecting that Count 2 is dismissed and that the sentences for the convictions in Counts 6, 7, and 8 run consecutively to the sentence for the conviction in Count 1.

## CONCLUSION

In summary, the Petitioner has not presented any claim which entitles him to habeas corpus relief. Accordingly, we affirm the habeas corpus court's order dismissing the Petitioner's claim for relief. However, we remand the case to the Rutherford County Circuit Court and direct the court to enter a corrected judgment in accordance with this opinion.

_____
JEFFREY S. BIVINS, JUDGE