IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 1, 2014

## MICHAEL WILLIAMS v. MICHAEL DONAHUE, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. CC-13-CR-143    Joseph H. Walker, III, Judge**

**No. W2013-02146-CCA-R3-HC - Filed August 27, 2014**

Petitioner, Michael Williams, was convicted of rape in 2001 by a Shelby County jury. As a result, he was sentenced as a violent offender to serve thirty years in incarceration. Petitioner's conviction was affirmed on direct appeal. *See State v. Michael Williams*, No. W2001-01925-CCA-R3-CD, 2002 WL 1349520 (Tenn. Crim. App., at Jackson, June 20, 2002). Appellant subsequently sought post-conviction relief. The petition for post-conviction relief was denied. *See Michael Williams v. State*, No. W2005-01810-CCA-R3-PC, 2006 WL 3371404 (Tenn. Crim. App., at Jackson, Nov. 20, 2006), *perm. app. denied*, (Tenn. Mar. 19, 2007). Petitioner filed a petition for writ of habeas corpus in Hardeman County, alleging that the 2001 judgment is void because he was sentenced as a career offender. The habeas corpus court denied relief, dismissing the petition without a hearing after determining that Petitioner's sentence had not expired. After a review of the record, we conclude that the habeas corpus court properly dismissed the petition for relief where Petitioner failed to show that the judgment was void or that his sentence had expired. For those reasons, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ. joined.

Michael Williams, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the respondent, State of Tennessee.

# OPINION

Petitioner was convicted of the rape of an eighteen-year-old-girl in Memphis that occurred in 1999. As a result, he was sentenced to thirty-years as a violent offender. His conviction was affirmed on appeal. *Michael Williams*, 2002 WL 1349520, at *6.

Petitioner later sought post-conviction relief. After the denial of post-conviction relief, Petitioner sought habeas corpus relief. Specifically, Petitioner alleged that he does not qualify as a career criminal offender and that the judgment is void. The habeas corpus court dismissed the petition without a hearing. Petitioner appeals.

## *Analysis*

Petitioner insists that the habeas corpus court committed prejudicial error by failing to address his habeas corpus claim. Specifically, Petitioner claims that he is entitled to relief because he was improperly sentenced as a career offender. The State disagrees, arguing that Petitioner has not shown that he was sentenced as a career offender or that the sentence was illegal.

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T. C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011), the Tennessee Supreme Court reminded us that an illegal sentence may be a ground for habeas corpus relief and discussed in detail the three categories of error that can appear in a judgment and the proper procedures for correcting those errors. The three categories of errors that can appear in a judgment are clerical errors, appealable errors, and fatal errors. *Id.* at 449-53. "An illegal sentence [containing fatal error] is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." *Id.* at 452 (citations omitted). Only sentences containing "fatal errors," and which are therefore illegal, may be addressed through the collateral proceeding of habeas corpus. *Id.* Examples of illegal sentences for which habeas corpus relief is permissible include: "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." *Id.* at 452 (citing *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010)).

Petitioner insists that he was sentenced as a career offender and his prior convictions do not qualify him as such. When examining the judgment form, it appears that the box for career offender was initially checked by the trial court and then scratched out. The box indicating Petitioner was a violent offender was also checked. Thus, the record in this case indicates, contrary to Petitioner's assertion, that Petitioner was sentenced as a violent offender. Moreover, nothing in this Court's prior opinions supports the conclusion that Petitioner was sentenced as a career offender, and Petitioner did not include a copy of his sentencing hearing. It is our view that any perceived error by the trial court in scratching out the box for career offender does not entitle Petitioner to habeas corpus relief because it can be classified as a clerical error as opposed to a void judgment. *See Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004). Clerical errors are not appropriately resolved via the writ of habeas corpus and can be corrected by the court of conviction at any time. Tenn. R. Crim. P. 36. They do not render a judgment void for purposes of habeas corpus relief. Petitioner is not entitled to relief on this issue.

*CONCLUSION*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY SMITH, JUDGE