IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 24, 2025

## HENRY T. JOHNSON v. BRADON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 24-CR-11017    Mark L. Hayes, Judge**

———————————————————

**No. W2024-01724-CCA-R3-HC**

———————————————————

The Petitioner, Henry T. Johnson, appeals from the Lake County Circuit Court's summary dismissal of his second petition for writ of habeas corpus. Specifically, the Petitioner contends he raised cognizable claims for habeas corpus relief and asserts his judgment of conviction of first degree murder is void because (1) the trial court failed to pronounce judgment or sentence pursuant to Tennessee Code Annotated section 40-20-101(a); (2) the original judgment was not signed by the trial judge; and (3) the trial judge was without jurisdiction to enter a corrected judgment because the original judgment had already become final. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and MATTHEW J. WILSON, JJ., joined.

Henry T. Johnson, Tiptonville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; and Danny H. Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.    FACTUAL AND PROCEDURAL HISTORY

This case arises from the Petitioner's August 19, 2009, convictions of the aggravated robbery and first degree murder of the victim, Michael Zabik, for which he received an effective life sentence. The Petitioner filed a timely direct appeal, challenging

the sufficiency of the convicting evidence for his conviction of first degree murder. *State v. Johnson*, No. M2010-02452-CCA-R3-CD, 2012 WL 1071809, at *1 (Tenn. Crim. App. Mar. 28, 2012), *perm. app. denied* (Tenn. May 16, 2012). Specifically, the Petitioner argued the State failed to prove premeditation. *Id*. at *5. This court affirmed the judgments of the trial court, and the Tennessee Supreme Court denied review. *Id*. at *1.

Following his convictions, but before the completion of his direct appeal, the Petitioner filed a pro se petition for habeas corpus relief, which the habeas corpus court summarily dismissed. *Johnson v. Parker*, No. W2010-00563-CCA-R3-HC, 2010 WL 4882605, at *1 (Tenn. Crim. App. Nov. 30, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011). *Id*. On appeal, the Petitioner argued the habeas corpus court erred in summarily dismissing his petition because "the indictment against him was defective" and subjected him to double jeopardy. *Id*. This court affirmed the habeas corpus court's summary dismissal, and the Tennessee Supreme Court denied review. *Id*.

Thereafter, the Petitioner sought post-conviction relief, alleging he received the ineffective assistance of counsel. *Johnson v. State*, No. M2016-00820-CCA-R3-PC, 2017 WL 809883, at *1 (Tenn. Crim. App. Mar. 1, 2017), *perm. app. denied* (Tenn. June 7, 2017). Specifically, the Petitioner argued trial counsel rendered ineffective assistance by failing to effectively cross-examine certain witnesses to challenge the State's proof of premeditation. *Id*. at *4. The post-conviction court denied relief, and the Petitioner appealed, maintaining that trial counsel should have cross-examined the State's medical experts regarding "how the bullet path might have been accomplished, or as to what posture or position the deceased may have been in when he received the gunshot," which proof the Petitioner asserted would have shown the victim's murder was accidental. *Id*. at *6. This court affirmed the post-conviction court's denial of relief, and the Tennessee Supreme Court denied review. *Id*. at *1.

The Petitioner then sought federal habeas corpus relief, raising claims of trial court error, deficiencies in his indictment, prosecutorial misconduct, the insufficiency of the convicting evidence, a violation of double jeopardy, the ineffective assistance of pre-trial, trial, post-trial, and post-conviction counsel, and actual innocence based upon newly discovered evidence. *Johnson v. Genovese*, No. 3:18-cv-00539, 2021 WL 3269954, at *5-6 (M.D. Tenn. July 30, 2021). The federal district court denied relief on all the Petitioner's claims. *Id*. at *23.

On October 15, 2024, the Petitioner filed his second state petition for writ of habeas corpus, challenging the legality of his judgment of conviction of first degree murder. Specifically, the Petitioner asserted the judgment of conviction was illegal because the trial court failed to pronounce judgment and render a sentence at the conclusion of his trial, in violation of Tennessee Code Annotated section 40-20-101(a), and did not validly approve

the jury's verdict pursuant to Tennessee Rule of Criminal Procedure 33(d). He also contended the judgment was illegal because it was not signed by the trial judge, Judge John H. Gasaway, III, but instead bore the signature of Judge Michael R. Jones. The Petitioner asserted that Judge Jones was never authorized to act on the trial judge's behalf. Finally, the Petitioner argued the corrected judgment bearing the trial judge's signature was also illegal because it was filed after the original judgment had become final.[1]

On November 1, 2024, the habeas corpus court entered a written order summarily dismissing the petition for writ of habeas corpus. The habeas corpus court concluded that the trial transcripts indicated the trial court properly discharged the jury, thereby presumptively approving the jury's verdict. Additionally, though the Petitioner did not include any order disposing of his motion for new trial with his petition, the habeas corpus court presumed that the trial court approved the jury's verdict "[i]n the absence of a grant of a new trial." The habeas corpus court further held that inasmuch as the Petitioner alleged error in Judge Jones's signing his original judgment of conviction, any error was remedied by the entry of a corrected judgment signed by the trial court on November 10, 2009, noting that the latter judgment was "a corrected judgment by its entry and operation," notwithstanding its stylization as an original judgment. The habeas corpus court concluded the Petitioner had failed to establish he was "denied some substantive right because a corrected judgment was filed in November." The Petitioner timely appealed.

## II.    ANALYSIS

On appeal, the Petitioner argues the habeas corpus court erred by summarily dismissing his petition for writ of habeas corpus and that he was entitled to the appointment of counsel and a hearing on his claims. Specifically, the Petitioner contends he raised cognizable claims for habeas corpus relief and asserts his judgment of conviction of first degree murder is void because (1) the trial court failed to pronounce judgment or sentence pursuant to Tennessee Code Annotated section 40-20-101(a); (2) the original judgment was not signed by the trial judge; and (3) the trial judge was without jurisdiction to enter a corrected judgment because the original judgment had already become final. The State responds that the habeas corpus court's summary denial was appropriate because the Petitioner failed to establish his judgment of conviction was facially void. We agree with the State.

Habeas corpus relief is available to "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever," pursuant to certain statutory exceptions inapplicable to

---

[1] The record indicates that the original judgment form was filed on September 3, 2009, and the corrected judgment form, though also styled as an "original," was filed on November 10, 2009.

this case. Tenn. Code Ann. § 29-21-101(a). The purpose of habeas corpus relief is to provide a petitioner with a means of redress for a void judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner seeking habeas corpus relief must establish either "a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered" or "that he is otherwise entitled to immediate release because of the expiration of his sentence." *State v. Doane*, 393 S.W.3d 721, 732 (Tenn. Crim. App. 2011) (first citing *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000), and then citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). A petitioner must prove the invalidity of the challenged judgment or the illegality of his or her confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). When a petitioner fails to state a cognizable claim for habeas corpus relief in his or her petition, the habeas corpus court may summarily dismiss the petition. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. 2012); *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The right to petition for habeas corpus relief is guaranteed by the Tennessee Constitution's provision that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15; *see also* Tenn. Code Ann. §§ 29-21-101 *et seq.* (setting forth the procedural requirements and grounds for habeas corpus relief). Whether to grant habeas corpus relief is a question of law; accordingly, we review the habeas corpus court's disposition of a petition for writ of habeas corpus *de novo* with no presumption of correctness. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007).

The Petitioner first contends his judgment is void because the trial court failed to pronounce his judgment or sentence pursuant to Tennessee Code Annotated section 40-20-101(a), which provides that "[a]fter a verdict against the defendant, if the judgment is not arrested or a new trial granted, the court shall pronounce judgment." At the conclusion of the Petitioner's August 2009 trial, the foreperson of the jury announced that the jury had unanimously found the Petitioner guilty of one count of aggravated robbery and one count of first degree murder. Afterwards, the trial court polled the jury to confirm its verdicts were unanimous for each count, dismissed the jury, and stated, "[The Petitioner] having been convicted of – reported by the jury the Court sets a sentencing hearing date of October first. A presentence report is ordered. Bond is revoked. Adjourn court."

The Petitioner contends this statement was insufficient to pronounce his sentence as required by Code section 40-20-101(a). Relatedly, he also asserts the trial court failed to act as the thirteenth juror by approving or disapproving of the jury's verdict pursuant to Tennessee Rule of Criminal Procedure 33(d). Even assuming, *arguendo*, the veracity of

the Petitioner's claims, neither would warrant habeas corpus relief because they would not render his judgment facially invalid. *See Taylor v. Watwood*, No. W2023-01169-CCA-R3-HC, 2024 WL 278355, at *1-2 (Tenn. Crim. App. Jan. 25, 2024), *perm. app. denied* (Tenn. June 21, 2024) (affirming summary dismissal of a petition for writ of habeas corpus where the petitioner asserted the trial transcript did "not reflect that the jury returned its verdicts in open court or that the trial court pronounced the judgments" because "there is nothing on the face of the judgments that indicates that the judgments are void."); *see also State v. Ross*, No. E2017-02087-CCA-R3-CD, 2018 WL 2084958, at *3 (Tenn. Crim. App. May 4, 2018), *no perm. app. filed* ("[A] trial court's failure to act as a thirteen[th] juror merely renders a conviction voidable, not void.") (collecting cases). The trial court is not "required to provide a specific statement on the record to indicate his or her approval of the jury's verdict." *State v. Hall*, 461 S.W.3d 469, 490 (Tenn. 2015). Furthermore, the record indicates the Petitioner filed a motion for new trial on October 6, 2009, following the imposition of his sentence, which the trial court heard and denied in a bench ruling on November 4, 2010. The trial court also entered a written order denying the Petitioner's motion for new trial on November 29, 2010. In doing so, the trial court fulfilled its duty as the thirteenth juror. *See State v. Blanton*, 926 S.W.2d 953, 958 (Tenn. 1996) ("[W]hen a trial judge overrules a motion for new trial, this court may presume that the trial judge has served as the thirteenth juror and approved the jury's verdict."). The Petitioner is not entitled to relief on this claim.

Relatedly, the Petitioner next asserts his original judgment is void because it was signed by Judge Jones rather than by the trial judge. The Petitioner asserts that because Judge Jones did not preside over "a day of trial," he "lacked jurisdiction to sign the judgment because the actual trial judge was not absent [or] sick." In support of his argument that this renders his judgment void, the Petitioner cites to Tennessee Rule of Criminal Procedure 32(e)(1)'s provision that "[a] judgment of conviction shall be signed by the judge and entered by the clerk." However, the "failure to comply with Rule 32(e) amounts to a clerical error and does not require a conviction to be set aside." *State v. Shelton*, No. M2018-00319-CCA-R3-CD, 2018 WL 5733132, at *1 (Tenn. Crim. App. Oct. 31, 2018), *perm. app. denied* (Tenn. Feb. 20, 2019) (citing *State v. Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017), *no perm. app. filed*). Because "mere clerical errors in the terms of a sentence may not give rise to a void judgment," the Petitioner is not entitled to relief on this claim. *Coleman v. Morgan*, 159 S.W.3d 887, 890 (Tenn. Crim. App. 2004).

Finally, the Petitioner argues the trial judge lacked jurisdiction to enter a corrected judgment bearing his signature on November 10, 2009, because the original judgment, although void, had already become final. Again, even assuming the veracity of the Petitioner's claim that his initial judgment form became final prior to the filing of his motion for new trial, thus rendering the motion for new trial untimely, this has no bearing

on the validity of his judgment. Generally, judgments of conviction become final after thirty days of entry, barring the filing of a timely notice of appeal or other posttrial motion. *State v. Brown*, 479 S.W.3d 200, 205-06 (Tenn. 2015); Tenn. R. App. P. 4(c). The trial court is divested of jurisdiction to amend a defendant's sentence following the finalization of his judgment except under certain circumstances authorized by either statute or the rules of criminal procedure. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). Among these certain circumstances is Tennessee Rule of Criminal Procedure 36, which provides that the trial court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." As explained above, Judge Jones's signature on the original judgment amounted to a clerical error, which was corrected by the entry of a corrected judgment bearing the trial court's signature. To that effect, the entry of the corrected judgment remedied the clerical error in his original judgment of which the Petitioner now complains. Respectfully, if the Petitioner wished to challenge the method in which the trial court did so, he should have done so by filing a notice of appeal within thirty days after the entry of the corrected judgment. *See* Tenn. R. App. P. 3(b), 4(a); Tenn. R. Crim. P. 36. The Petitioner is not entitled to relief on this claim. Accordingly, because the Petitioner failed to state a cognizable claim for relief in his petition for writ of habeas corpus, the appointment of counsel was not required, and summary dismissal was appropriate.

### III.    CONCLUSION

Following our review of the record and based on the foregoing analysis, we affirm the judgment of the habeas corpus court.

s/ *Steven W. Sword*_____
STEVEN W. SWORD, JUDGE

- 6 -